CAMPBELL, Acting Chief Judge.
Appellant property owner, Henderson, challenges the order dismissing three counts of his four-count complaint against the Lee County Property Appraiser, one of the appraiser’s employees, David Bruner, and the Lee County Tax Collector. Henderson maintains that the court erred in dismissing his action against Bruner, a state employee acting under color of state law, because he had *580 stated a section 1988 action against Bruner based on Bruner’s failure to provide Henderson with certain property tax information he had requested from Bruner per Florida statute. It is Henderson’s position that since a Florida statute required Bruner to divulge the information, Bruner’s failure to do so deprived Henderson of due process and equal protection and resulted in a violation of section 1983. We disagree.
As noted in Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), not every deprivation of rights under color of law amounts to a violation of section 1983. A state employee’s random, unauthorized conduct does not give rise to a section 1983 action unless the state fails to provide an adequate postdeprivation remedy. Zinermon v. Burch, 494 U.S. 113, 115, 110 S.Ct. 975, 977-78, 108 L.Ed.2d 100 (1990). Bruner’s alleged wrongful act in withholding information that he was statutorily required to provide can be fully cured during Henderson’s de novo circuit court trial concerning his tax assessment. Henderson will then receive the fair trial of which he claims he was deprived.
BLUE, J., and BROWNELL, SCOTT M., Associate Judge, concur.